UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61821-CIV-DAMIAN

**BEDABOX LLC, D/B/A SHIPMONK,**

    Plaintiff,
v.

**TOY OVERLORD, INC.,
D/B/A MEGALOPOLIS**,

    Defendant.
_____/

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT [ECF NO. 20]

**THIS CAUSE** is before the Court on Plaintiff, Bedabox LLC d/b/a ShipMonk's ("Plaintiff" or "ShipMonk"), Motion for Default Final Judgment against Defendant, Toy Overlord, Inc. d/b/a Megalopolis ("Defendant" or "Megalopolis") [ECF No. 20 (the "Motion")], filed June 6, 2025.

THIS COURT has considered the Motion and supporting attachments, the record in this case, as well as relevant authorities, and is otherwise fully advised in the premises. Defendant has not made an appearance in the case nor filed a response to the Motion, and the time to do so has passed. For the reasons set forth below, the Motion is due to be denied without prejudice.

### BACKGROUND

On September 30, 2024, Plaintiff filed a Complaint against Defendant for breach of a Service Agreement entered into by the parties in September 2020. Plaintiff alleges that Defendant fraudulently charged back payments due under the Service Agreement for services rendered by Plaintiff. [ECF No. 1 ("Complaint") ¶¶ 1–3]. The Complaint asserts five causes

of action: breach of contract (Count I); unjust enrichment (Count II); account stated (Count III); open account (Count IV); and breach of implied covenant of good faith and fair dealing (Count V). *See* Compl. ¶¶ 23–60.

On January 28, 2025, this Court granted Plaintiff's motion for an extension of time to perfect service of process upon Defendant after several unsuccessful attempts to personally serve Defendant through its registered agent. *See* ECF No. 9. The docket indicates that Defendant was served on February 15, 2025, via substituted service on the Secretary of State pursuant to Sections 48.161 and 48.181 of the Florida Statutes. *See* ECF No. 12. Then, on March 14, 2025, Plaintiff moved for a clerk's entry of default as to Defendant, who had not timely responded to the Complaint, and the clerk entered the default the following day. [ECF Nos. 15 and 16].

Plaintiff now moves for entry of default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(1). [ECF No. 20]. Plaintiff seeks to recover a total of $166,395.60. *See* Mot. at 2. This amount is compromised of the past-due invoices under the Agreement ($117,739.77), accrued late charges ($6,267.71), pre-judgment interest ($11,228.14), attorney's fees ($29,543.50), and costs ($1,616.48). *See* Mot. at 2. As of the date of this Order, Defendant still has not responded to the Complaint, the Motion, nor any other filings in this case. Nor has an attorney made an appearance on its behalf.

## DISCUSSION

While a court is authorized to enter a final judgment of default against a party who has failed to defend itself against a suit, a party's "'default does not in itself warrant the court entering a default judgment.'" *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019) (Bloom, J.) (quoting *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127

(M.D. Ala. 2004)). "Granting a motion for default judgment is within the trial court's discretion." *Id.* (citation omitted). Because a party is not held to admit facts not well pleaded or admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.* (citations omitted); *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default[.]" (citation omitted)).

Upon consideration of the two-page Motion, this Court finds numerous deficiencies that preclude its granting. First, the Motion does not set forth the elements of Plaintiff's claims against Defendant nor demonstrate how the well-pleaded allegations of the Complaint establish each of those elements. Without this information, the Court is unable to determine whether Plaintiff is entitled to a default judgment. *See Hernandez v. Andujar*, No. 8:22-cv-1632-JSM-TGW, 2023 WL 2931712, at *1 (M.D. Fla. Jan. 24, 2023) ("In order to establish liability, the plaintiff must identify the elements of each claim upon which she seeks default judgment, with proper legal citations, and after each element state the admitted facts supporting satisfaction of that element."). A party is not entitled to a default judgment merely because a clerk's default has been entered. *See Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) ("Although Rule 55(b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment.") (citing *Color Events, BV v. Multi Talent Agency, Inc.*, No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)).

Plaintiff cannot cure its deficiencies by pointing to the Affidavit of Indebtedness attached to the Motion, (*see* ECF No. 20-1), as whether Defendant is liable for breach of

contract, and any other claims asserted in the Complaint, is determined based on the well pleaded facts in the Complaint, not by supporting evidence. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

Second, while the record supports a finding that Plaintiff is entitled to the past-due payments (totaling $117,739.77)[1] and accrued late charges under the Service Agreement, Plaintiff has failed to provide evidence supporting a finding as to the amount of late fees accrued.[2] Plaintiff's Affidavit of Indebtedness provides no explanation for the late fee calculation. *See, e.g.*, *Almeira v. GB House, LLC*, No. 8:14-cv-00045-T-27AEP, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014) ("Conclusory affidavits are insufficient to establish the amount of damages upon default judgment."); *Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. CIV. A. 08-0005-WS-B, 2008 WL 801702, at *4 (S.D. Ala. Mar. 24, 2008) ("The Court will not rubber stamp damages figures whose origins, meaning, and constituent parts are indeterminate and unexplained. It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements proffering figures that do not add up.").

Third, the request for attorney's fees is premature and is not properly supported. Section 12.6 of the Service Agreement provides: "In the event of a legal dispute, the prevailing

---

[1] The Complaint alleges that Defendant owes an outstanding balance of $120,141.71 for the unpaid invoices under the Service Agreement, excluding applicable interest. Compl. ¶ 20.

[2] With regard to the late payment fee, section 4.3 of the Service Agreement provides: "If ShipMonk fails to receive payment from [Defendant] by the due date of the invoice; a late payment fee of 5% (minimum of $30) will be applied to the invoice, unless the invoice is currently being disputed." Five (5) percent of the outstanding balance under the Agreement ($117,739.77) is $5,886.99 – not $6,267.71.

4

Party shall have the right to collect from non-prevailing Party any reasonable costs and/or attorneys' fees incurred in enforcing this Agreement." Consequently, upon the entry of default judgment, Plaintiff is entitled to an award of its reasonable attorney's fees and costs as the prevailing party. However, the amount of the attorney's fees and costs is determined by a separate motion. *See* Local Rule 7.3(a). Thus, this request is premature. Furthermore, the amount of the attorney's fees and costs is not properly supported.

Federal courts evaluate the reasonableness of an attorney's fees using the lodestar method. *See American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423 (11th Cir. 1999). The lodestar method has also been applied in Florida cases. *See First Baptist Church of Cape Coral, Fla. v. Compass Constr., Inc.*, 115 So. 3d 978, 980 (Fla. 2013). Under the lodestar method, the court determines a "lodestar figure" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney. *Barnes*, 168 F.3d at 427.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). An applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Id.* The general rule is that the "relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Barnes*, 168 F.3d at 437. Furthermore, when determining a reasonable number of hours, fee applicants are required to exercise "billing judgment," which means that they must exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]." *Id.* at 428.

5

In this case, Plaintiff has submitted an affidavit in support of the requested fee award. The affidavit includes a table listing six individuals who worked in this matter, the hours expended by each, their hourly rates, and the total fees sought for each individual. This is insufficient to show the requested amount is reasonable.[3] *See Hensley v. Eckerhart*, 461 U.S. 424, (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

Finally, Plaintiff requests expenses totaling $1,616.48, including $405.00 for filing/recording fees; $52.58 for online research; $76.83 for postage; $0.60 for reproductions/photocopies; $913.00 for process server fees; and $30.00 for a comprehensive report. Mot. at 2; [ECF No. 20-2]. Such request is also properly included in a supplemental motion under Local Rule 7.3(c).

While courts are generally limited in taxing costs to those enumerated in 28 U.S.C. § 1920,[4] a court may tax additional costs pursuant to an agreement between the parties. *See Branch Banking & Trust Co. v. Nat'l Fin. Servs., LLC*, Case No. 6:13-cv-1983-Orl-31TBS, 2015 WL 1862909, at *3 (M.D. Fla. Apr. 23, 2015) (a prevailing plaintiff seeking costs pursuant to a contract was not limited to recovering only those costs enumerated in section 1920); *Am. S.*

---

[3] The requested hourly rates range from $455.00 for Ms. Iglesia, counsel of record in this action, to $230.00. It is unclear from the affidavit which of these hourly rates correspond to attorneys, including partners and associates, and which correspond to paralegals and other support staff.

[4] The six categories of recoverable statutory costs are: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under 28 U.S.C. § 1923; and (6) Compensation of court appointed experts, interpreters, and special interpretation services. 28 U.S.C. § 1920.

*Ins. Co. v. Env't Innovations, Inc.*, No. 3:14-cv-1312-J-34JBT, 2015 WL 8113809, at *3 (M.D. Fla. Nov. 2, 2015), *report and recommendation adopted,* No. 3:14-cv-1312-J-34JBT, 2015 WL 8042749 (M.D. Fla. Dec. 7, 2015) (same). However, the costs awarded to the prevailing party must be reasonable. *See Air Turbine Tech., Inc. v. Atlas Copco AB,* Case No. 01–8288–CIV, 2008 WL 544731, at *2 (S.D. Fla. Feb. 26, 2008) ("[A] reasonableness element must be read into the contract provision [providing for the recovery of costs]."), *rev'd in part on other grounds, Air Turbine Tech., Inc. v. Atlas Copco AB,* 336 F. App'x 986 (Fed. Cir. 2009)).

As noted above, the Service Agreement between the parties provides for the recovery of "any *reasonable* costs and/or attorneys' fees incurred in enforcing this Agreement." [ECF No. 20-1 at 21 (emphasis added)]. Plaintiff's expenses, listed in its Affidavit of Attorneys' Fees [ECF No. 20-2 at 4], appear to include items not recoverable under Section 1920, including online research, postage, and a comprehensive report. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) ("Plaintiff's affidavits appear to include costs such as general copying, computerized legal research, [and] postage, . . . which are clearly nonrecoverable."). Similarly, although Section 1920(1) authorizes the recovery of process server fees, the rate must not exceed the costs charged by the United States Marshal's Service to effectuate service. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The current statutory rate for service by the United States Marshal is $65.00 per hour, plus travel costs and other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3).

While Plaintiff is entitled to recover all reasonable costs pursuant to the applicable contract, this Court may disallow costs for which no supporting documentation is provided. *See MKT Reps S.A. De C.V. v. Standard Chartered Bank Int'l (Americas) Ltd.*, No. 10-22963-CIV, 2013 WL 1289261, at *7 (S.D. Fla. Mar. 28, 2013) (O'Sullivan, J.). Accordingly, before filing

7

a renewed motion, Plaintiff should review its costs and seek only those included in the scope of Section 1920 or provide supporting documentation for the Court to evaluate the reasonableness of any requested costs.

## CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Final Judgment [**ECF No. 20**] is **DENIED WITHOUT PREJUDICE**.

Plaintiff shall file a renewed motion within **twenty (20) days** from the date of this Order establishing entitlement to default judgment and addressing each of the issues outlined in this Order by citation to legal authority and pinpoint citations to the Complaint, as well as by attachment of supporting evidence. Plaintiff shall also file and submit to the undersigned's Chambers email address a well-supported proposed order and a proposed final judgment. Failure to support any category of requested damages by citation to adequate evidence in support may result in the Court denying such request.

Failure to comply will result in dismissal of the case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 7th day of November, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**