UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61821-CIV-DAMIAN

BEDABOX LLC, D/B/A SHIPMONK,

     Plaintiff,

v.

TOY OVERLORD, INC., D/B/A
MEGALOPOLIS

     Defendant.

_____/

## ORDER GRANTING
## SECOND RENEWED MOTION FOR DEFAULT FINAL JUDGMENT [ECF NO. 24]

**THIS CAUSE** is before the Court upon the Second Renewed Motion for Default Final

Judgment Against Defendant Toy Overlord, Inc. d/b/a Megalopolis (the "Motion") [ECF

24], filed by Plaintiff, Bedabox LLC d/b/a ShipMonk ("Plaintiff"), on April 27, 2026.

THE COURT has considered the Motion, the pertinent portions of the record, and

relevant authority and is otherwise fully advised.

On March 19, 2025, the Clerk entered a default [ECF No. 16] against Defendant, Toy

Overlord, Inc. d/b/a Megalopolis ("Defendant"), for failure to appear in the case and file or

serve any response to Plaintiff's Complaint [ECF No. 1] (the "Complaint"), as required by

Federal Rule of Civil Procedure 12(a). After the Clerk's entry of default against Defendant,

Plaintiff filed the renewed Motion now before the Court requesting entry of a final default

judgment against Defendant. For the reasons that follow, the Motion is granted.

## I.   BACKGROUND

On September 30, 2024, Plaintiff initiated this action by filing a Complaint against the Defendant seeking to recover damages for, among other things, breach of contract. [ECF No. 1]. On December 20, 2024, Plaintiff sought authorization from the Court to serve Defendant via substituted service on the Secretary of State. [ECF No. 8]. Following this Court's Order on Plaintiff's Motion for Extension of Time to Perfect Service of Process and for Substituted Service of Process and Order Administratively Closing the Case [ECF No. 9], Plaintiff obtained a revised summons for Defendant on February 5, 2025, to be served on the Secretary of State of Florida [ECF No. 11] (the "Summons"). Plaintiff served the Defendant with a copy of the Summons and Complaint via the Secretary of State on or about February 15, 2025. [ECF No. 12].

On March 18, 2025, Plaintiff filed an Amended Motion for Clerk's Default Against Defendant Toy Overlord, Inc. d/b/a/ Megalopolis. [ECF No. 15]. The Clerk entered Default against the Defendant on March 19, 2025 [ECF No. 16] based on the Defendant's failure to timely appear, answer, or otherwise submit a responsive pleading to the Complaint. To date, the Defendant has failed to answer or respond to the Complaint, has not sought an extension of time, and has not otherwise appeared in the proceeding, nor has an attorney made an appearance on the Defendant's behalf.

## II.   APPLICABLE LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs default judgments. The entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316

(11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

"Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for a sufficient basis for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (cleaned up)). Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *Surtain*, 789 F.3d at 1245. Thus, before entering a default judgment for damages, a court must ensure that the well-pled allegations in the complaint (which are taken as true due to the default) state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). If a plaintiff fails to meet this pleading standard, then the plaintiff will not be entitled to default judgment.

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (citation omitted). Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when . . . additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017). Therefore, where the record adequately supports the award of damages, an evidentiary hearing is not required.

*See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also National Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 393 (11th Cir. 2018) (holding an evidentiary hearing unnecessary in breach of contract action where there was evidence in the record as to lender's damages); *see also Vanderbilt v. Boat Bottom Express Ltd. Liab. Co.*, No. 4:18-CV-10261-JLK, 2019 WL 13255739, at *1 (S.D. Fla. June 18, 2019) ("[I]f the party requesting default judgment does not submit sufficient evidence to support its request for damages, the Court may conduct a hearing on damages." (citing Fed. R. Civ. P. 55(b))).

### III.   DISCUSSION

#### A.  Relevant Admitted Facts

The following facts are deemed admitted by virtue of the Defendant's default. Plaintiff is a Florida limited liability company organized and existing under the laws of Florida, with its principal place of business located in Ft. Lauderdale, Florida.  *See* Compl. at ¶ 4. As an innovative tech fulfillment provider with facilities around the United States and Europe, Plaintiff provides its customers with warehousing, e-commerce fulfillment, and kitting, among other services. *See id.* at ¶ 12.

On September 24, 2020, Plaintiff and the Defendant entered into a service agreement (the "Agreement"), a valid and legally binding contract, wherein the Defendant engaged Plaintiff to provide services to the Defendant's customers, including storage, packing, and shipment of products. *See id.* at ¶¶ 14–15, 25–26.  Plaintiff provided services to the Defendant under the Agreement from November 1, 2023, through June 5, 2024. *See id.* at ¶¶ 16, 26. The services rendered by Plaintiff and the amounts due and owing from the Defendant are memorialized by a series of unpaid invoices dated November 14, 2023, through April 30, 2024 (the "Unpaid Invoices"). *See id.* at ¶ 17. Pursuant to Section 4.1 of the Agreement,

4

Plaintiff timely invoiced the Defendant for its services at the end of each two-week billing period. *See id.* at ¶¶ 18, 27; Ex. A.

Following Plaintiff's performance of its obligations under the Agreement [Compl. at ¶¶ 16–18], the Defendant charged back payments that it properly paid to Plaintiff for Plaintiff's services rendered from November 2023 thorough and including April 2024. *See id.* at ¶ 19. The Defendant thereby materially breached Section 4 of the Agreement, by failing to pay, or paying and then charging back, the amounts due and owing to Plaintiff. *See id.* at ¶¶ 20, 28; Ex. B, C. As a result of the Defendant's material breach of the Agreement, Plaintiff suffered damages. Compl. at ¶ 30; Exs. A, C. Additionally, all past due amounts owing by the Defendant accrue interest at a minimum rate of 18% per annum and are subject to a 5% late fee, pursuant to Section 4.3 of the Agreement. *See id.* at ¶¶ 21, 29; Ex. A. at § 4.3 ("If [Plaintiff] fails to receive payment from Company by the due date of the invoice; a late payment fee of 5% (minimum of $30) will be applied to the invoice ….").

On September 30, 2024, Plaintiff filed the Complaint asserting claims for breach of contract (Count I), unjust enrichment (Count II), account stated (Count III), open account (Count IV), and breach of implied covenant of good faith and fair dealing (Count V). [ECF No. 1]. To date, the Defendant has failed to make an appearance or otherwise submit a pleading responsive to the Complaint. Because the Defendant has been in default since March 19, 2025 [ECF No. 16], Plaintiff is entitled to a default judgment, pursuant to Fed. R. Civ. P. 55(b)(1), on Count I of the Complaint, as set forth in detail below.

### B. *Plaintiff Has Adequately Pled a Claim for Breach of Contract.*

To assert a claim for breach of contract under Florida law, a Plaintiff must plead (i) the existence of a contract; (ii) a material breach of that contract; and (iii) damages resulting

from Defendant's breach of the contract. *See Doe v. Roe*, No. 17-23333-CIV, 2018 WL 4698886, *7 (S.D. Fla. Sept. 29, 2018) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (applying Florida law)). "To prove existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Roe*, 2018 WL 4698886, at *7.

Here, Plaintiff has sufficiently alleged and provided concrete, undisputed evidence demonstrating the existence of a contract. Plaintiff attached to the Complaint at Exhibit A an executed copy of the Agreement, the validity and existence of which is undisputed by the Defendant. *See* Compl., Ex. A; *see also Roe*, 2018 WL 4698886 at *7; *S.E.C. v. Wright*, 261 F. App'x 259, 261 (11th Cir. 2008) ("A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact") (cleaned up) (quotations omitted). Exhibits A, B, and C to the Complaint establish that the Defendant accepted Plaintiff's offer and accepted the benefits of Plaintiff's services provided pursuant to the Agreement. The Agreement contained essential terms to which the parties agreed [*See* Compl., Ex. A; *id.* at ¶¶ 9, 13, 15, 18, 20–22, 26–27], and Plaintiff provided services to the Defendant in consideration for the Defendant's expected payment of the amounts set forth in Plaintiff's Invoices at Exhibits B and C. *See* Compl. at ¶¶ 15–20. Thus, Plaintiff has sufficiently alleged and provided concrete, undisputed evidence demonstrating the existence of a contract between the parties. *Roe*, 2018 WL 4698886 at *7.

Moreover, Plaintiff sufficiently alleged a claim for breach of contract against the Defendant and provided concrete, undisputed evidence that Plaintiff suffered damages as a result of the Defendant's breach. Indeed, Plaintiff alleged (i) the existence of "a valid and legally binding contract, entered into between the parties" [Compl. at ¶¶ 24; 14, 25–26]; (ii) that the Defendant "materially breached the Service Agreement by failing to pay [Plaintiff]"

6

or paying and then charging back the amounts due [Compl. at ¶¶ 28, 19–20]; and (iii) that "[Plaintiff] suffered damages and continues to suffer damages as a result of [Defendant's] material breach of the Service Agreement," in the form of Unpaid Invoices resulting from the Defendant's breach [Compl. at ¶¶ 30, 20, 28].  On these facts alleged, Plaintiff has sufficiently pled a claim for breach of contract.

Next, the Court must determine damages. Where, as here, all the evidence is on record, an evidentiary hearing on damages is not required as the damages claimed are liquidated, quantifiable, and supported by detailed records and supporting affidavits. *See Smyth*, 420 F.3d at 1232 n. 13; *see also Petmed Express, Inc.*, 336 F.Supp.2d at 1234. Damages may be awarded in a default judgment if the amount is a liquidated sum or capable of mathematical calculation. *Smyth*, 420 F.3d at 1231. Here, as demonstrated by the Complaint, Plaintiff issued invoices to the Defendant totaling $125,804.26 for services performed under the Agreement, as follows:

| Invoice No. | Date | Amount |
|---|---|---|
| 51322023111 | 11/14/2023 | $  34,686.15 |
| 51322023112 | 11/30/2023 | 3,216.13 |
| 51322023121 | 12/14/2023 | 1,319.50 |
| 51322023122 | 12/31/2023 | 35,070.46 |
| 5132202411 | 01/14/2024 | 22,592.34 |
| 5132202412 | 01/31/2024 | 9,319.65 |
| 5132202421 | 02/14/2024 | 9,316.18 |
| 5132202422 | 02/29/2024 | 9,833.59 |
| 5132202431 | 03/14/2024 | 140.76 |
| 5132202432 | 03/31/2024 | 5.00 |
| 5132202441 | 04/14/2024 | 4.50 |
| 5132202442 | 04/30/2024 | 300.00 |
| TOTAL | | $125,804.26 |

*See id.*

The Defendant initially paid $124,252.32 of the $125,804.26 owed under the invoices using debit or credit cards, but subsequently charged back the total sum of $117,739.77 through the submission of disputes with Plaintiff's credit card processor, Stripe. *See* Compl. at ¶¶ 17–19; *see also* Declaration of Indebtedness [ECF No. 24, at 19–21]. The amounts charged back by Defendant are denoted with the word "Journal" on Exhibit B to the Complaint as follows:[1]

| Date | Journal No. | Amount |
|---|---|---|
| 2/28/2024 | Journal #JE1933 | $ 12,360.00 |
| 2/29/2024 | Journal #JE1982 | 9,436.86 |
| 3/13/2024 | Journal #JE2161 | 81,000.49 |
| 4/26/2024 | Journal #JE2666 | 3,811.00 |
| 5/1/2024 | Journal #JE2736 | 831.42 |
| 8/16/2024 | Journal #JE4263 | 10,300.00 |
| TOTAL | | $ 117,739.77 |

*See* Ex. B.

Through the Motion, Plaintiff seeks entry of a final default judgment in the principal amount of $117,739.77, plus late fees in the amount of $5,886.99 (5% of $117,739.77) for total damages of $123,626.76 through April 4, 2025.[2] Plaintiff has specifically alleged these amounts and the basis for their mathematical calculation [*See* Compl. at ¶¶ 17–20, 28, 31, Ex. B, C]; the amounts are supported by Exhibits A–C of the Complaint; and they have been verified by the *Declaration of Indebtedness. See* Compl. at ¶¶ 17–22, 31, 36, Ex. A, C; *see also* ECF No. 24 at Comp. Ex. 1, pp. 19–21. In addition to that sum, Plaintiff, as the prevailing party, is entitled to recover taxable costs. *See* Fed. R. Civ. P. 54(d); *see also Rodriguez v. DI ST*

---

[1] These amounts are further detailed in Exhibit C to the Declaration of Indebtedness.

[2] Though additional sums remain due and owing under the invoices at issue, Plaintiff only seeks entry of judgment for the lesser amount of the chargebacks. *See* ECF No. 24 at 8, n. 3.

*Petersburg LLC*, 2024 WL 205371 (M.D. Fla. Apr. 2024). As set forth in the *Affidavit of Costs,* both the costs of filing and service of process are recoverable costs in the total amount of $1,318.00. *See* ECF No. 24 at Comp. Ex. 1. Therefore, the total amount of damages requested by Plaintiff pursuant to the Motion is: (i) the principal balance of $117,739.77 in unpaid invoices [Compl. at ¶¶ 17–20, 31, 36, Ex. A, C]; (ii) plus late charges in the amount of $5,886.99 (5% of $117,739.77) [Compl. at ¶¶ 21, 29, 31, 36]; (iii) plus costs in the amount of $1,318.00 [*See* ECF No. 24 at Comp. Ex. 1 at Aff. of Costs], for a total default judgment in the sum certain amount of $124,944.76.[3] *See* ECF No. 24 at Comp. Ex. 1.

Plaintiff has (i) demonstrated the existence of a contract between the parties, (ii) properly alleged all necessary elements of a breach of contract claim; (iii) provided evidence in support of the sum certain owed by the Defendant; and (iv) proved facts in support of its claims by the well-pled allegations in the Complaint, undisputed by the Defendant's default. Therefore, Plaintiff is entitled to entry of a default final judgment on Count I of its Complaint for breach of contract pursuant to Federal Rule of Civil Procedure 55(b)(1) for a sum certain in the total amount of $124,944.76, comprised of (i) the principal balance of $117,739.77 in unpaid invoices [Compl. at ¶¶ 17–20, 31, 36, Exs. A, C]; (ii) plus late charges in the amount of $5,886.99 (5% of $117,739.77) [Compl. at ¶¶ 21, 29, 31, 36]; (iii) plus costs in the amount of $1,318.00 [ECF No. 24 at Comp. Ex. 1 at Aff. of Costs].

Because this Court finds that Plaintiff is entitled to default judgment as to Count I for Breach of Contract, this Court need not address Plaintiff's alternative claims for relief.

---

[3] Under Section 12.6 of the Agreement, Plaintiff is entitled to recover its reasonable attorneys' fees and costs. *See* Complaint, Ex. A. Plaintiff reserves the right to seek an award of attorney's fees and costs following entry of default judgment in its favor.

## IV.   CONCLUSION

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Second Renewed Motion for Default Judgment **[ECF No. 24]** is **GRANTED** as to **Count I** of the Complaint.

2.      The Motion is **DENIED AS MOOT** as to Counts II, III, and IV of the Complaint.

3.      In accordance with Federal Rule of Civil Procedure 58, this Court will enter by separate order a Final Default Judgment against Defendant Toy Overlord, Inc. d/b/a Megalopolis. Plaintiff is authorized to seek recovery of attorneys' fees in accordance with the Agreement or applicable law.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 8th day of June, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATE DISTRICT JUDGE**

cc:     Counsel of record

10